THORN & HUNKINS LIME AND CEMENT COMPANY, Respondent, v. ST. LOUIS EXPANDED METAL FIRE PROOFING COMPANY, Appellant.

St. Louis Court of Appeals, November 29, 1898.

1. **Written Contract:** CONSTRUCTION OF UNAMBIGUOUS CONTRACT. Where a written contract is unambiguous its construction is always a matter of law for the court, and even where an ambiguity exists and it is solved by extraneous matter about which there is no dispute, the construction is still for the court.

2. ———: ———: CONSTRUCTION OF AMBIGUOUS CONTRACT. But where the extrinsic facts are unconceded and rest upon conflicting testimony from which different inferences might be drawn, it is for the triers of the facts to draw the inferences and say what the parties meant by the contract.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

AFFIRMED.

FISSE & KORTJOHN for respondent.

That the acceptance sued upon is an absolute acceptance. That the petition is a good statement of a cause of action against the defendant. That the judgment was a proper judgment. Whether the acceptance sued upon is an absolute or a conditional undertaking

must be determined:    *First*. From the language employed in the instrument itself.    *Second*. From extraneous facts resorted to for the purpose of explaining words used in the acceptance not clear in themselves. No acceptance can be regarded as an undertaking to pay out of a particular fund unless it is expressed in terms that clearly specify that fund and exclude every other source of payment.    Judged by these rules the acceptance in question is of a conditional acceptance. *First*. It is absolute in its terms.    *Second*. The extraneous circumstances established by the evidence all go to show that it was the intention of all the parties that the acceptance should not be conditional.    The terms of the acceptance and the facts shown as to the situation and relations of the parties are altogether inconsistent with the defendant's plea, that the acceptance was conditional.    It can not be asserted that, as a matter of law, this acceptance is qualified or conditional and as the judgment is a finding upon the facts, and inasmuch as all the testimony is not preserved in the record, this finding on the facts can not be reviewed nor the judgment disturbed, it being admitted in the record that there was evidence tending to support the plaintiff's contentions of fact.

PERCY WERNER for appellant.

"An acceptance is conditional or qualified when it contains any qualification, limitation or condition different from what is expressed on the face of the bill, or from what the law implies on a general acceptance. And the conditions may be implied from circumstances." Story on Bills, sec. 239. See, also, Chitty on Bills [13 Am. Ed.], 340.    To recover on a conditional acceptance plaintiff must allege in his petition the performance of the condition precedent, or the happening

of the event upon which liability under the contract depends, otherwise the petition must be adjudged insufficient.    Bayse v. Ambrose, 32 Mo. 484; Stout v. St. Louis Tribune Co., 52 Mo. 342; Taylor v. Newman, 77 Mo. 265; Townsend v. Dry Goods Co., 85 Mo. 503; Hart v. Harrison Wire Co., 91 Mo. 414; Brecheisen v. Coffey, 15 Mo. App. 80; Jackman v. Bowker, 4 Metc. 235.    The prime object of interpretation is to get at the real meaning and honest intent of the parties to an instrument; to this end the situation and relation of the parties, the subject-matter of the instrument, and all the provisions of the agreement, and the object sought to be attained by the parties, will be looked to by the courts.    Somers v. Thayer, 115 Mass. 163; Proctor v. Hartigan, 139 Mass. 554; Fuller v. Wilde, 151 Mass. 412; Faulkner v. Ray, 73 Ill. 469; Shackelford v. Hooker, 54 Miss. 716; Glass Co. v. O'Malley, 67 Mo. App. 639.    There is no better canon for the interpretation of contracts than the rule that the court may put itself in the place of the parties to the agreement at the time it was made, and may then consider how its terms affected its subject-matter, and ascertain what those who made it intended thereby.    West. Com. T. A. v. Smith, 85 Fed. Rep. 339, 403.    That construction must be adopted which will make the contract effectual, and not render it inefficacious or nullify it. Leiweke v. Jordan, 59 Mo. App. 619; Wiggins Ferry Co. v. Railroad, 128 Mo. 224.    One corporation can not lend its credit to another, or bind itself by becoming an accommodation indorser or acceptor for another. Bank v. Stoneware Co., 2 Mo. App. 299, 302; Park Hotel Co. v. Bank, 86 Fed. Rep. 742, 747, and cases cited; Humboldt Min. Co. v. Am. M. M. & M. Co., 62 Fed. Rep. 356, 360; Green's Brice's Ultra Vires, p. 121, n; 1 Morawetz on Corporations, sec. 423.

BIGGS, J.—The plaintiff sues the defendant on its acceptance of an order for $1,000 drawn by the King Granitoid Construction Company. The following is the order and a copy of the acceptance as written and punctuated by the acceptor.

"ST. LOUIS IRON WIRE & EXPANDED METAL CO.,
"ODD FELLOWS BLDG., CITY.

"GENTLEMEN:—Please pay to the order of the Thorn & Hunkins Lime & Cement Co., one thousand dollars ($1,000), and charge same to our account with you for our contract at the Liggett & Meyers Tobacco Co.'s Warehouses Nos. 1 and 2.

"KING GRANITOID CONSTRUCTION CO.,
"Per WILLIAM J. KING, 2d Pres.

"Accepted February 10, 1897.

"The above contract accepted, payable in sixty days or sooner, if we receive payment before said date.
"ST. LOUIS EXPANDED METAL FIRE-PROOFING CO.,
"D. E. GARRISON, JR., Treas."

The action was brought sixty days after the date of the acceptance, the plaintiff making no claim or pretense of a liability prior to the expiration of the sixty days. The petition also averred that at the time of the acceptance of the order the King Granitoid Construction Company (hereinafter designated as the Construction Company), owed the plaintiff $1,000, and that the defendant was indebted to the Construction Company in a sum in excess of $1,000.

In addition to a general denial the defendant answered, to wit: "And for further answer, defendant says that said order was drawn by the said King Granitoid Construction Company, to be paid out of a particular fund, to wit, moneys which it was at the time of said acceptance supposed by this defendant would be due the said King Granitoid Construction Company on

the said contract at the Liggett & Meyers Tobacco Company Warehouses Nos. 1 and 2, and defendant says that the said King Granitoid Construction Company thereafter abandoned their work under said contract and never did perform the said contract, and that no moneys ever became due to the said Granitoid Construction Company from defendant, out of which the said acceptance could be paid, or was payable, wherefore, having fully answered, defendant prays to be dismissed with its costs."

The cause was submitted to the circuit court without a jury. The finding and judgment were for the plaintiff for the full amount of the order. The defendant has appealed.

At the commencement of the trial the defendant objected to the introduction of any evidence, upon the ground that the petition failed to state a cause of action in that the acceptance was conditional and the pleading failed to note the condition and aver a liability consistent with it. The objection was overruled, and the defendant excepted. It is insisted by the counsel for appellant that upon the face of the acceptance and order the amount of the order was made payable out of a particular fund thereafter to be collected by the defendant from the Liggett & Meyers Tobacco Company and belonging to the Construction Company, which made the acceptance a conditional one and required the plaintiff to aver and prove the receipt of such fund or some portion of it by the defendant. We can not concur in this view. Reading the acceptance as punctuated it is impossible without the aid of extraneous facts, to say to what the last clause refers. This clause is relative, and the question is whether it was intended to qualify all that precedes it or only that portion which indicates a possible payment at an earlier date than sixty days. Again the acceptance says, "if we

receive payment." What payment? Was it intended to refer to money belonging to the Construction Company to be thereafter received by appellant, or did it have reference to funds to be thereafter collected and belonging to the appellant and out of which it expected to get the money to meet its obligation. If the former was meant, then the acceptance is conditional as the order was to be paid if the appellant received money of the drawer sufficient to pay it, but if the latter was intended, then it is clear that the acceptance was unconditional. If the comma in the sentence could be placed after the word days, there would be no difficulty whatever about the true interpretation. The acceptance would be unconditional beyond dispute. But the evidence shows that it was punctuated by the acceptor as it herein appears, and we must accept and construe the writing as it left his hands. 1 Bish. Contracts, sec. 730; Ewing v. Bump, 11 Pet. 41; Sutherland, Stat. Const., sec. 232. The writing being thus ambiguous, the circuit court did right in overruling the appellant's objection to the admission of evidence, for if the alleged conditional character of the agreement could be made to appear only by inquiring into the attending facts it is manifest that in order to determine the question it was necessary for the court to hear the evidence. We will therefore overrule the first assignment.

Where a written contract is unambiguous its construction is always a matter of law for the court, and even where an ambiguity exists and it is solved by extraneous matter about which there is no dispute, the construction is still for the court. But CONSTRUCTION of written contract. where the extrinsic facts are unconceded and rest upon conflicting testimony from which different inferences might be drawn, it is for the triers of the facts to draw the inferences and say what the parties meant by the contract. Mathews v.

Danahy, 26 Mo. App. 660; Enterprise Soap Works v. Sayers, 55 Mo. App. 16. These principles obtain and must be applied in the discussion and disposition of the remaining assignment.

In the case at bar evidence was admitted of the situation and relation of the parties and the other attending circumstances. The plaintiff's evidence tended to prove these facts. The appellant was the original contractor with the Liggett & Meyers Tobacco Company to furnish materials and to do certain work in the construction of two warehouses. The defendant sublet a part of the work to the construction company. Under a contract with the construction company the plaintiff furnished lime and cement which were used in the buildings. The plaintiff also furnished the construction company lime and cement for other jobs. At the dates of the order and acceptance the construction company owed the plaintiff $1,000 for materials thus furnished. How much of this was due on account of materials supplied for the warehouses, does not appear. At the date of the acceptance the construction company had only partially completed the work under its contract, but it was agreed by all the parties that the work which had been done was worth according to the contract price the sum of $1,300. At the time the order was given the construction company was about to quit business and intended to throw up the contract, of which the appellant was advised. The plaintiff was then pressing the construction company for payment of its account, and was threatening to file a mechanics' lien against the warehouses if it was not paid. At this juncture the representatives of all the companies interested had a conference, at which the whole situation, as herein stated, was talked over, the result of which was that the officer representing the appellant accepted the order and that the acceptance was drawn in

the form in which it appears, for the reason that the appellant was not then prepared to pay the order, and that it expected money on its contract with the Liggett & Meyers Tobacco Company within thirty days or within sixty days at farthest.

Briefly stated the evidence of the appellant tended to prove that under the contract between appellant and the construction company the latter was not entitled to any money until the work was fully completed and accepted by the architect of the Liggett & Meyers Tobacco Company; that the construction company failed to complete the work; that a portion of the work which it did do was rejected by the architect; and that the appellant was compelled to have the rejected portion done over at considerable cost, which amount when deducted from the $1,300 which was estimated to be due the construction company, would reduce the actual indebtedness of appellant to the construction company much below $1,000 the amount of the order.

In order to reverse or modify the judgment, we must hold that the only reasonable inference to be drawn from the extrinsic facts (when considered in connection with the order itself) is, that the appellant only agreed to pay the order out of any money which it might thereafter receive from the Liggett & Meyers Tobacco Company on account of work done and materials furnished by the construction company in the erection of the warehouses. Under this view the judgment of the circuit court would be excessive, and hence erroneous, for it is not denied that the appellant received less than $1,000 in payment of that portion of the work done by the construction company. The foregoing is the appellant's theory of the evidence as is shown by its third instruction, which the court refused. We will concede that the inference contended for is warranted by the evidence, for it may be justly

said that the appellant would not likely obligate itself to pay $1,000 in advance of absolute knowledge that it would finally owe the construction company at least that much, and hence it was but reasonable and prudent for it to limit the payment of the order out of any money which it might thereafter receive as justly belonging to the construction company. But the attending facts also justify a contrary inference leading to a different conclusion, and that is this. In the settlement of the business troubles between the plaintiff and the construction company the appellant was compelled to do one of two things. It had either to agree to pay the order, or submit to the filing of a lien on the warehouses, which under its contract with the Liggett & Meyers Tobacco Company it was interested in preventing. It is reasonable to say that it concluded to accept and pay for the order at all events thereby preventing the lien, for according to the estimate of the work done it would owe the construction company $300 in excess of the amount of the order. And further it is not unreasonable to conclude that the plaintiff would not have waived its right to a lien in consideration of a conditional acceptance of the order. It follows that under the foregoing testimony and the authorities above cited the proper construction or meaning of the contract was for the court as the trier of the facts. the finding was against the appellant, and as it is supported by substantial testimony, and as there was no error in the reception or exclusion of evidence, or the giving or refusing of instructions, the judgment must be affirmed.

The point is made that it is beyond the powers of a corporation to voluntarily assume to pay the debt of third persons. The vice in this suggestion

POWERS of a corporation.

is, that the obligation of the appellant to pay was not voluntary. Its promise was

made in consideration of an agreement on the part of the plaintiff to forego its right to file a lien against the warehouses. The filing of the lien would have been clearly prejudicial to the appellant in its business with the Liggett & Meyers Tobacco Company.

The inquiry at the trial took a much broader range than stated in this opinion. Under the view we have taken it would serve no good purpose to extend the discussion further. With the concurrence of the other judges, the judgment of the circuit court will be affirmed. It is so ordered. Judge Bland concurs in the result.

### OPINION ON MOTION FOR REHEARING.

Bond, J.—Upon mature reflection I am convinced that the obvious sense of the acceptance sued on in this case is an unconditional promise to pay the amount of the order in sixty days after its acceptance, and a further promise to pay it before the lapse of sixty days, upon the condition specified therein. In this view it presented no latent ambiguity calling for an explanation by extraneous testimony. Its controlling intent is discoverable from the language used, hence the erroneous location of the punctuation point must be disregarded. Joy v. St. Louis, 130 U. S. 1. I therefore withdraw my general concurrence in the opinion heretofore written in this case, and limit it to the result reached therein. For the foregoing reasons I hold the motion for rehearing should be overruled.

Judge Bland concurs in this opinion.